UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| MARIA DE LOS ANGELES CALZADA NAVARRETE, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 3:20-CV-288-DCG |
| VILLAGE FARMS, L.P., | § § § | |
| Defendant. | § | |

## STIPULATED ORDER FOR PERMANENT INJUNCTION AGAINST VILLAGE FARMS, L.P.

Plaintiff Maria de los Angeles Calzada Navarrete filed her Complaint, ECF No. 1, under the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. § 1801, et seq. and Texas state law. Plaintiff and Defendant Village Farms, L.P. stipulate to the entry of this Stipulated Order for Permanent Injunction Against Village Farms, L.P. (the "Order") to resolve all matters in dispute in this action between them.

Therefore, **IT IS ORDERED** as follows:

### FINDINGS

1. The Court has jurisdiction over this matter.

2. The Complaint charges that Defendant maintained conditions and engaged in practices that violate the AWPA and constitute a public nuisance under Texas state law.

3. Defendant neither admits nor denies any of the allegations in the Complaint, except as specifically stated in this Order. Only for the purposes of this action, Defendant admits the facts necessary to establish jurisdiction.

4. Plaintiff and Defendant agree to bear their own costs and attorneys' fees.

5. Plaintiff and Defendant waive all rights to appeal or otherwise challenge or contest the validity of this Order.

6. The parties acknowledge that Defendant has had practices of and shall continue the practices of (1) screening all persons via temperature check before entering Defendant's work facilities and denying access to the building to anyone with an elevated temperature; (2) giving employees daily safety briefings which include reminders of social distancing and other precautionary practices given COVID-19 including describing the range of known COVID-19 symptoms; and (3) requiring all persons who enter Defendant's facilities to wear a mask.

## DEFINITIONS

For the purposes of this Order, the following definitions shall apply:

1. **"Area"** means any workspace, dining space, or travel accommodations where social distancing of at least six feet is not possible or did not occur.

2. **"Best efforts"** means taking, in good faith, all reasonable steps to achieve the objective.

3. **"Employee(s)"** means any person permitted to work for Defendant at its Monahans facility, located at 713 N. Loop 464, Monahans, Texas 79756 (the "Facility"). "Employee(s)" includes people employed directly by Defendant, as well as people employed through third-party contractors to work at the Facility, including people working pursuant to H-2A visas.

4. **"Exposure"** or **"Exposed"** means working in or occupying the same Area, living in the same building, traveling together in the same vehicle, or being within six feet of a person who is infected with COVID-19 for a total of more than fifteen minutes in a twenty-four-hour period.

5. **"Known"** to have COVID-19 means anyone who has tested positive for COVID-19 and who Defendant knows has tested positive for COVID-19.

6. **"Suspected"** to have COVID-19 means anyone who has no symptoms but (1) has been exposed to someone known to have COVID-19 and is still awaiting test results, or (2) lives in housing supplied by the Defendant with anyone suspected to have COVID-19.

7. **"Symptomatic"** means anyone who has known symptoms for COVID-19, including, but not limited to, elevated temperature.

## INJUNCTION

**IT IS ORDERED** that:

1. **Notification.** Defendant shall promptly—and within no more than twenty-four hours from the time Defendant becomes aware of the Exposure of a particular Employee—make Best Efforts to notify any Employees when they have been Exposed to someone who is Known or Suspected to have COVID-19. Defendant shall provide written and oral notice in a language the Employee understands to all Exposed Employees at the Facility. If an Employee does not come to work within twenty-four hours of the Exposure, Defendant shall call the Employee at any known phone numbers for that Employee to provide oral notice. If an Employee who does not come to work lives in employer-provided housing, Defendant shall also send written notice to the Employee at the housing and call the Employee at any known phone numbers for that Employee to provide oral notice.

2. **Contact Tracing.** Defendant shall continue to ask any Employee who tests positive for COVID-19 for the names of persons who were within six feet of the Employee for more than fifteen minutes. Defendant shall independently identify any other Employees who

worked in the same Area, traveled with, or live in the same employer-provided housing as that Employee for notification.

3. **Access to Testing.** Employees considered Suspected or Symptomatic cases shall be given assistance to obtain a COVID-19 test at no cost to the Employee. Defendant shall undertake Best Efforts to provide Suspected Employees with assistance to obtain testing within no less than three and no greater than five days from the time of exposure. Defendant shall undertake Best Efforts to provide Symptomatic employees with testing as soon as is practicable and within 24 hours of discovering that the employee is Symptomatic. For Suspected and Symptomatic Employees, Defendant shall identify convenient testing locations that offer free testing, book appointments, permit Employees to be absent from work in order to obtain testing, and provide transportation to testing sites.

4. **Heightened Precautions for Suspected Cases.** For Employees Exposed to COVID-19 but who do not exhibit symptoms of COVID-19, Defendant shall continue to instruct such Employees to self-monitor for any symptoms, wear a mask at all feasible times, including while in employer-provided housing, and socially-distance in housing until the Employee and any roommates in employer-provided housing receive a negative test result. Employees for whom Defendant provides housing who are Suspected to have COVID-19 shall be offered living quarters, in which they may be quarantined with other Employees who are Suspected to have COVID-19.

5. **Quarantine Housing for Symptomatic Cases.** Employees Symptomatic for COVID-19 shall be quarantined while they await test results. Employees for whom Defendant provides housing who are Symptomatic for COVID-19 shall be offered living quarters, in which they may be quarantined only with other Employees who are Symptomatic. No Employee who is Symptomatic for COVID-19 shall be permitted to live in the same building as any Employee who

is not Symptomatic for COVID-19, until such time as the Symptomatic Employee receives a negative test result for COVID-19 or is released from quarantine by a physician. Quarantine housing shall comply with all state and federal health and safety regulations.

6. **Isolation Housing for Known Cases.** Employees for whom Defendant provides housing who test positive for COVID-19 shall be offered living quarters in which they may be isolated with others who have also tested positive for COVID-19. No Employee who is Known to have COVID-19 shall be permitted to live in the same building as any Employee who is not Known to have COVID-19. Employees who test positive for COVID-19 shall be isolated until released by a physician or, if asymptomatic or only experiencing mild symptoms and unable to obtain a physician's care, until 14 days after the positive test. Isolation housing shall comply with all state and federal health and safety regulations.

7. **Reporting.** Defendants shall promptly report any Known case of COVID-19 in an Employee to the Regional Director of the Texas Department of State Health Services or her designee.

8. **Modifications of Protocols Based on Updated Public Health Guidance.** In the event that a public health authority at the local, state, or federal level updates its guidance regarding the containment and prevention of COVID-19 in a way that conflicts with this Order, Plaintiff and Defendant may meet, confer, and agree in writing to follow the updated guidance.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**IT IS FURTHER ORDERED** that this matter is hereby **DISMISSED**, subject to the terms of this Order, including the Court's retention of jurisdiction for the purposes of construction, modification, and enforcement of this Order.

**IT IS FURTHER ORDERED** that the Clerk shall close the case.

**IT IS FURTHER ORDERED** that this matter shall be reopened, upon motion by either party, for the limited purposes of construction, modification, and enforcement of this Order.

**SO ORDERED.**

SIGNED this __15th__ day of _____January_____, ~~2020~~ 2021.

---

DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE

Agreed as to form and substance by:

_____   12-16-2020
Maria de los Angeles Calzada Navarrete    Date

_____   12.16.20
Village Farms, L.P.    Date
By: Derin Gemmel

Agreed as to form by:

/s/ **Maxwell S. Dismukes**
Texas Bar No. 24116289

(915) 585-5137

mdismukes@trla.org

**/s/ Christopher Benoit**

Texas Bar No. 24068653

(915) 585-5118

cbenoit@trla.org

Texas RioGrande Legal Aid, Inc.

1331 Texas Ave.

El Paso, TX 79902

Fax: (915) 533-4108

ATTORNEYS FOR PLAINTIFF

**/s/ Susan Hays**

Texas Bar No. 24002249

(214) 557-4819

hayslaw@me.com

Law Office of Susan Hays, P.C.

P.O. Box 41647

Austin, Texas. 78704

ATTORNEY FOR DEFENDANT